**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEREK FUQUA, | **Civil Action No. 23-228 (ZNQ)** |
| Petitioner, | |
| v. | **OPINION** |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, | |
| Respondent. | |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner Derek Fuqua's habeas petition challenging his state court convictions brought pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Following an order to answer, The Attorney General of the State of New Jersey (the "State") filed an answer to the petition (ECF No. 17), to which Petitioner replied. (ECF Nos. 19-20.) For the following reasons, Petitioner's habeas petition shall be denied and Petitioner shall be denied a certificate of appealability.

## I.   BACKGROUND

Petitioner's current convictions arise out of a guilty plea he entered in relation to his leading a drug trafficking organization involving various friends and family members. (*See* ECF No. 17-10 at 3-4.) On direct appeal, the Superior Court of New Jersey Appellate Division summarized the factual background of Petitioner's conviction as follows:

> The State Police investigation [into Petitioner's organization] began in 2012 and employed extensive electronic surveillance authorized pursuant to the New Jersey Wiretapping and Electronic Surveillance

Control Act (Wiretap Act), N.J. [Stat. Ann. §] 2A:156A-1 to -37. The wiretap portion of the investigation ran over the course of sixty-five days in February through April 2013, during which time nearly 20,000 telephone calls and text messages were intercepted.

. . . .

[Petitioner] was the alleged leader of [the] drug trafficking operation.  He was charged in the State Grand Jury Indictment with: first degree racketeering[,] second-degree conspiracy to distribute or possess with intent to distribute CDS[,]  first-degree [being the] leader of a narcotics trafficking network[,] first-degree distribution of CDS[,] first-degree possession with intent to distribute CDS (heroin)[,] first-degree possession with intent to distribute CDS (cocaine)[,] first-degree maintaining or operating a CDS production facility[,] second-degree distribution of CDS[,] second-degree unlawful possession of a weapon[,] second degree possession of weapons during commission of certain crimes[,] third-degree distribution of CDS on or within 1,000 feet of school property[,] third-degree maintaining a fortified premises[,] second-degree certain persons not to have weapons[,] and second-degree financial facilitation of criminal activity (money laundering)[.]

On June 10, 2016, [Petitioner] pled guilty to the first-degree leader of a narcotics trafficking network charge pursuant to a negotiated agreement.  In exchange for the guilty plea, the State agreed to dismiss the remaining charges and to recommend a twenty-four-year state prison term with a twelve-year period of parole ineligibility.  [Petitioner] was sentenced in accordance with the plea agreement in February 2018.

(ECF No. 17-10 at 3-.)

On direct appeal, Petitioner argued, *inter alia*, that the state trial court improperly denied his motion to suppress the fruits of the State's wiretaps on the grounds that there was a six day delay between April 3, 2013, the date on which the relevant wiretap expired, and April 9, 2013, the date on which the resulting recordings were sealed by the wiretap judge.  (*Id.* at 41-42.)  The Appellate Division upheld the denial of his suppression motion on that basis, finding that the State had adequately explained the six day delay as being the result of an order of the assigned wiretap judge who, on April 3, 2013, directed the State "to come back on April 9, 2013, at which time the

recordings were sealed." (*Id.* at 42.) Petitioner now seeks to challenge that decision, arguing that the State in its appeal briefs and the Appellate Division in issuing its decision misconstrued the relevant facts and denied him due process as a result. (ECF No. 1.)

## II.   **LEGAL STANDARD**

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court. *See Eley v. Erickson*, 712 F.3d 837, 846-47 (3d Cir. 2013). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state trial and appellate courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta[,]" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 575 U.S. 312, 316 (2015). "When reviewing state criminal

convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Id.* Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and the] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## III.  **DISCUSSION**

In his habeas petition, Petitioner raises two overlapping claims. First, Petitioner argues that he was denied Due Process when the state courts denied his claim seeking the suppression of the results of a wiretap warrant on the basis of the tapes of that wiretap not being sealed for several days after the authorized period had concluded. Second, Petitioner asserts that the state appellate courts erred in affirming the denial of his suppression motion as he believes the appellate court's decision was based on a faulty understanding of the facts of his case. Specifically, Petitioner contends that the Appellate Division conflated two separate instances of delay in extending or sealing the wiretaps and applied the explanation for one delay to excuse the other, and that there was therefore not sufficient credible evidence in the record to support their findings.[1]  As

---

[1] The State contends that at least one of these claims – Petitioner's Due Process claim – is either unexhausted, insomuch as Petitioner never raised his wiretap claim based on a denial of Due Process in the state courts, or procedurally defaulted to the extent that Plaintiff did not so raise the claim and now cannot return to state court to exhaust the claim. To the extent either of Petitioner's claims are unexhausted, this Court denies them on the merits pursuant to 28 U.S.C. § 2254(b)(2) (a habeas petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state"). Likewise, to the extent Petitioner's claims are procedurally defaulted, this Court need not address that procedural bar as Petitioner's claims are clearly without merit for the reasons discussed in this Court's decision.

Petitioner's Due Process claim relies heavily on his assertion that the Appellate Division misapplied the factual record, the Court will address the factual issue first.

The two separate delays in the wiretap renewal and sealing process were discussed in the state court record as follows. First, an initial wiretap warrant was scheduled to expire on or about February 26, 2013. (*See* No. 17-16 at 18.) According to the prosecutor, he called the judge who had issued the wiretap warrant and discussed whether that wiretap should be sealed at that time, or whether the State should wait to instead pursue an extension of the warrant for an additional month which was expected to be filed on March 4, 2013. (*Id.*) The wiretap judge and the State agreed to wait through the weekend for the extension request to be filed rather than seal the wiretap at that time, and the State followed the judge's direction and filed the extension of the warrant rather than seeking to have the records sealed. (*Id.*) The warrant was therefore extended on March 4, 2013, and set to expire on April 3, 2013. (*Id.*)

The second delay discussed in the record deals with the actual sealing of the wiretap tapes in April 2013. The record indicates that, on April 3, 2013, the attorney for the State took the recordings and associated papers for sealing to the wiretap judge, but was directed by the judge to return to address the sealing issue on April 9, 2013, when the judge would have more time to issue the appropriate order. (*See* ECF No. 17-10 at 42.) The State did as directed, and the judge entered the sealing order on April 9, 2013, after the passage of six days, only four of which were business days. (*Id.*) In affirming the denial of Petitioner's suppression motion, the Appellate Division found that this brief delay was adequately addressed by the State's explanation, and the six day delay did not warrant the suppression of the recorded communications under the state wiretap statute. (*Id.* at 42-46.) The trial court record fully supports the Appellate Division's finding that it was this second delay, between April 3 and April 9, for which the State argued that the wiretap

judge explicitly directed them them to return at a specific later date, and that this explanation was separate and distinct from what occurred in late February 2013.  (*See* ECF No. 17-20 at 4.)

Petitioner's belief that the State's explanation for the delay in April 2013 is actually the explanation provided in state court for the February delay apparently stems from the fact that defense counsel initially moved to suppress the wiretap based on the initial delay in February and early March 2013, and only this delay was discussed at a June 12, 2015, hearing.  Petitioner ignores, however, that the record indicates that defense counsel *amended* his argument before the trial court to also include the April 2013 delay, and it was only *this* delay that the State sought to excuse based on following the explicit instructions of the assigned wiretap judge to return for the sealing of the wiretaps several days later.  (*Id.*)  Indeed, the State provided an entirely separate explanation for the February 2013 delay – that they discussed it with the judge and agreed to wait to extend the warrant rather than seal it at that time.

The record thus clearly demonstrates that it is Petitioner, and not the state appellate courts, that conflates the two delays and their relevant explanations.  As the Appellate Division's findings are well supported by the record and Petitioner has failed to show by clear and convincing evidence that the Appellate Division's decision rested upon an unreasonable application of the facts of his case, Petitioner is not entitled to habeas relief on his claim that the Appellate Division misconstrued the factual background of his case.  *See Dennis v. Sec'y Pa. Dep't of Corr.*, 834 F.3d 263, 281 (3d Cir. 2016) (state court factual findings are presumed to be correct, and habeas relief on a misapplication of the facts is only warranted where the court's findings are "objectively unreasonable in light of the evidence presented in the state-court proceeding").

Turning to Petitioner's remaining claim, Petitioner argues that he was denied due process[2] when his appeal of the wiretap issue was denied because he believes the State "switched" its explanations from the February 2013 extension delay to the April 2013 delay in sealing.  Habeas courts generally may not grant relief for alleged errors in the application of state law.  *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-70 (1991) ("federal habeas corpus relief does not lie for errors of state law").  To prove a violation of his due process rights sufficient to warrant habeas relief, a petitioner must instead show that he was deprived of the "fundamental elements of fairness in [his] criminal [proceedings]."  *Glenn v. Wynder*, 743 F.3d 402, 407 (3d Cir. 2014).  Criminal proceedings "need not [be] perfect," to satisfy due process they need only be fair.  *Id.*

Here, Petitioner asserts he was denied Due Process because he believes the state court permitted the State to use the same explanation to excuse both the February and April 2013 wiretap extension and sealing delays, and that the April 2013 delay was therefore never properly excused by the state courts sufficient to overcome his suppression arguments.  This claim, however, is based on the same flawed understanding of the record as his assertion that the Appellate Division misapplied the facts of his case – Petitioner's failure to understand that two separate explanations were given for the two instances in the trial court, and the Appellate Division only considered the

---

[2] Although Petitioner premises his claim on the Due Process clause, claims related to the suppression of evidence based on improper intrusions into an individual's privacy generally arise not out of the Due Process Clause, but rather the Fourth Amendment's more specific protections from unlawful searches and seizures.  *See, e.g., Amin v. Davis*, No. 11-3312, 2013 WL 4590202, at *10 (D.N.J. Aug. 28, 2013).  Fourth Amendment claims, however, are subject to the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465, 494-95 (1976), which bars habeas petitioners from asserting claims of Fourth Amendment violations arising out of state court proceedings where they were provided a full and fair opportunity to litigate their Fourth Amendment claims in state court.  The *Stone* bar applies even in cases where a state court decision may have been erroneous so long as there is not a structural systemic defect in the state courts which would prevent a petitioner from fully litigating his claims.  *See Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002).  As Petitioner had a full and fair opportunity to litigate his wiretap suppression issue in state court, his claim is barred by *Stone* to the extent it is truly a Fourth Amendment claim.

April sealing as that was the only instance raised on appeal.  Contrary to Petitioner's assertions, the Appellate Division did consider the correct explanation that was provided and found sufficient by the trial court for the April 2013 sealing delay – that the wiretap judge instructed the State to return six days later, and the State complied with that direction and the record was sealed by the wiretap judge at that time.  Petitioner's assertions that the State improperly conflated the two explanations or misled the Appellate Division into accepting one explanation for two separate instances of delay is belied by the record and is clearly incorrect.  The State argued the same explanation for the April 2013 delay before the trial and appellate courts, and both courts accepted that explanation as sufficient to meet the requirements of the wiretap statute.  The State did not use the explanation for the February 2013 delay to defend the April 2013 delay.  Because Petitioner's claims are clearly contradicted by the record and he had a fair opportunity to argue these issues before the state courts, Petitioner has not shown that he was denied fundamental fairness in his criminal proceeding.  Accordingly, his claims provide no basis for habeas relief and  Petitioner's habeas petition must be denied.[3]

---

[3] Petitioner's habeas petition does not clearly argue that the State's explanation for the April 2013 delay was insufficient to warrant denying his motion to suppress, and instead focuses entirely on his mistaken belief that the state or appellate court conflated the two delays and let a single explanation excuse both instances of delay.  Given the short nature of the six day delay – only four of which were business days – the State's adequate excuse that they merely followed the explicit direction of the wiretap judge, and the state court's finding that such an explanation was sufficient to excuse the delay, such a claim would clearly be without merit in this case to the extent such a claim could be raised in a federal habeas petition.  *See, e.g., United States v. Carson*, 969 F.2d 1480, 1489-1490 (3d Cir. 1992) (examining equivalent federal law and finding that sealing requirements require some flexibility due to administrative difficulties and delays created by the sealing process itself, and finding short delays of up to ten days excusable where they were the result of difficulties in the process of filing and obtaining appropriate court orders)*; but see Priester v. Vaughn*, 382 F.3d 394, 402 (3d Cir. 2004) (habeas courts "cannot reexamine state court determinations on state law questions").

## IV.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right."  "[A petitioner] satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude [that] the issues presented here are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Because Petitioner's claims are without merit for the reasons set forth above, he has failed to make a substantial showing of a denial of a constitutional right, and his petition is not adequate to receive encouragement to proceed further.  This Court therefore denies Petitioner a certificate of appealability.

## V.  CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED**, and Petitioner is **DENIED** a certificate of appealability**.**  An order consistent with this Opinion will be entered.

Date: February 4, 2026

                                                   s/ Zahid N. Quraishi
                                          **ZAHID N. QURAISHI**
                                          **UNITED STATES DISTRICT JUDGE**